GABROY LAW OFFICES
Christian Gabroy, Esq. (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 259-7777
Fax   (702) 259-7704

Jesse Sbaih and Associates
Jesse Sbaih, Esq. (#7898)
The District at Green Valley Ranch
170 South Green Valley Pkwy, Suite 280
Henderson, Nevada 89012
Tel   (702) 896-2529
Fax   (702) 896-0529

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA E. CAMP, individually and on behalf of all other similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>FIFTH STREET GAMING, LLC; A Nevada Limited Liability Company, THE SIEGEL GROUP NEVADA, INC; A Nevada Corporation; EMPLOYEE(S)/AGENT(S) DOES 1-10; AND ROE CORPORATIONS 11-20, inclusive;<br><br>Defendants. | Case No.<br>Dept.:<br><br><br><br>**COMPLAINT**<br><br>**(JURY DEMAND)** |

## CLASS ACTION COMPLAINT

Plaintiff Debra E. Camp ("Plaintiff" and "Class Representative"), individually and on behalf of others similarly situated ("the Class"), by and through her attorneys, Gabroy Law Offices and Jesse Sbaih and Associates, for her Class Action Complaint

against Defendant Fifth Street Gaming LLC and Siegel Group Nevada, INC. (collectively "Defendant"), states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's WARN Act claim pursuant to 29 U.S.C. § 2104(a)(5).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF CLAIMS

3. Plaintiff Debra E. Camp, as class representative (the "Class Representative"), brings this lawsuit under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act"), for Defendant's failure to pay her, and other similarly situated persons all lawful wages owed under such statute and for failure to give her, and other similarly situated persons, the required 60 day notice under the WARN Act. Plaintiff demands a jury trial on all issues triable by jury. The true names and capacities, whether individual, corporate or other business entity, of Defendants DOES I-X and ROE corporation I-X are unknown to Plaintiff. Plaintiff is informed and believes and therefore alleges that the Defendant designated herein DOES I-X and ROE corporation I-X were responsible in some manner for the events and happenings herein referred to and damages thereby to the Plaintiff as alleged herein and "Employer(s)" of Plaintiff as that term is defined. Plaintiff will petition this Court to amend this Complaint to insert the true names of each party designated as Doe and/or Roe Defendant when said parties are ascertained.

## THE PARTIES

4. At all material times hereto, Plaintiff was Defendant's "employee," as that term is defined by the WARN Act.

5. Plaintiff is a resident of Clark County.

6. Defendant's principal place of business is located in Clark County, Nevada.

7. Defendant, at all material times hereto, was Plaintiff's "employer" as that term is defined by the WARN Act.

## BACKGROUND FACTS

8. At all material times hereto, Defendant operated, managed, and/or owned a casino and hotel using the name "Siegel's Gold Spike Hotel and Casino," located at 217 Las Vegas Blvd North, Las Vegas, NV 89101.

9. At all material times hereto, Plaintiff worked as a cocktail waitress for Defendant at Defendant's "Siegel's Gold Spike Hotel and Casino."

## FACTS COMMON TO ALL CLAIMS

10. On or about April 11, 2013, Plaintiff and members of the Class were given notice for the very first time that they were being laid off as the "Gold Spike Casino" would be closing April 14, 2013. *See* a true and correct copy of Defendant's notice and Personnel Action Form attached hereto as Exhibit I. Based on information and belief, Plaintiff and members of the Class were then given Personnel Action Forms which stated that the reason for termination was "property closure." *See Id.* On or between April 11, 2013 and April 14, 2013, Plaintiff and members of her class were terminated and/or laid off as the Gold Spike Casino closed. At no time were Plaintiff and members of her class given lawful notice of the closing of the Gold Spike Casino and/or termination of their employment. At no time were Plaintiff and members of her class given lawful payment owed under the Warn Act.

11. Plaintiff is informed and believes that, at a minimum, at least fifty other employees who worked at Defendant's Gold Spike Casino also failed to receive sufficient notice before the respective location was closed and they were laid off/terminated. Combined, these terminated employees comprise the Class.

## CLASS ACTION ALLEGATIONS

12. Plaintiff, the Class Representative, and the Class allege and incorporate by reference the allegations in the preceding paragraphs.

13. With respect to the claims brought under the WARN Act, 29 U.S.C. § 2101 *et seq.*, the Class Representative seeks to represent the following class:

> those persons who have been employed by Defendant who were not given proper notice of a mass layoff and/or plant closing under the WARN Act (hereinafter "WARN Class").

14. The Class Representative satisfies this definition and therefore seeks certification of this lawsuit as a class action in order that his rights and those of the Class, insufficient notice and any other damages, be resolved.

15. This action is brought pursuant to the class action provisions of Fed. R. Civ. P. 23 because the Class is so numerous that joinder of all Class Members is impracticable. While the precise number of Class Members has not been determined at this time, upon information and belief, Defendant employed over fifty people at all material times hereto who satisfy the Class definition. The Class Representative and the Class Members have been equally affected by Defendant's failure to provide the required notice.

16. Furthermore, those Class members previously employed by Defendant may now be reluctant to raise individual claims for fear of retaliation by Defendant.

17. The issues involved in this lawsuit present common questions of law and fact, and these common questions of law and fact predominate over the variations which may exist between members of the class, if any. These common questions of law and fact include, without limitation:

    a) Whether Defendant unlawfully failed to provide sufficient notice in violation of the WARN Act, 29 U.S.C. § 2101 *et seq.*;

    b) The proper measure of damages sustained by the Class Representative and the Class Members.

18. The Class Representative, Class Members, and Defendants, have a commonality of interest in the subject matter and remedy sought. The Class Representative is able to fairly and adequately represent and protect the interests of the Class. The Class Representative, like other members of the Class, was subjected to insufficient notice under the WARN Act. Also, the nature and terms of Plaintiff's employment, duties and history with Defendant are typical of the duties of the Class members. Finally, Plaintiff's Counsel is competent and experienced with regard to complex civil litigation (including, but not limited to, class actions).

19. Individual actions by each member of the class injured or affected would result in a multiplicity of actions, creating a hardship to the Class Members, the Court, and Defendant. The damages suffered by the individual Class members are small compared to the expense and burden of vigorous individual prosecution of this litigation against Defendant. Accordingly, a class action is the superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

# COUNT I
## (WARN Act Violation - 29 U.S.C. § 2101 et. seq.)

20. Plaintiff repeats and realleges the paragraphs 1-19 above as if fully incorporated herein.

21. Defendant's preceding acts violated the WARN Act, 29 U.S.C. § 2102, in that Defendant failed to give any notice to the affected employees and/or any of the various government agencies to which they were required by law to give notice, in writing, at least 60 days prior to the termination and/or layoffs.

22. Defendant's employees - like Plaintiff -- were terminated and/or laid off without the statutorily required 60-day notice are aggrieved and entitled to remedies provided by law.

23. As a direct and proximate result of Defendant's violations, Plaintiff - and others similarly situated have suffered damages to be proven at the time of trial.

24. Plaintiff has retained the services of an attorney to represent her in this action and, as such, is entitled reimbursement for reasonable attorneys' fees and costs.

25. Plaintiff - and others similarly situated - further seek:

   a.   Back pay for each employee of Defendant terminated or laid off without 60-day notice pursuant to 29 U.S.C. § 2104(a)(1)(A);

   b.   Benefits for each employee pursuant to 29 U.S.C. § 2104(a)(1)(B);

   c.   Civil penalties of $500 per day for each day of the violation pursuant to 29 U.S.C. § 2104(3);

   d.   Reasonable attorneys' fees pursuant to 29 U.S.C. § 2104(a)(6);

   e.   Costs of the suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Court enter an Order in his favor as

follows:

1. For an award of damages in an amount to be determined at trial;

2. For attorney's fees, interest, costs; and

3. For such further relief as the Court may deem just and proper.

Dated this 15th day of April 2013.

          Respectfully submitted,

          GABROY LAW OFFICES

BY:       /s/ Christian Gabroy
Christian J. Gabroy #8805
Gabroy Law Offices
170 South Green Valley Pkwy
Suite 280
Henderson, NV 89012-3145
(702) 259-7777
christian@gabroy.com

JESSE SBAIH AND ASSOCIATES

By     /s/ Jesse Sbaih
Jesse Sbaih #7898
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 896-2529
Fax  (702) 896-0529